**Marquis Aurbach**
Nick D. Crosby, Esq.
Nevada Bar No. 8996
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
ncrosby@maclaw.com
  Attorneys for Defendant Brooktree Apartments

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DUSTIN BARRAL,<br><br>             Plaintiff,<br><br>  vs.<br><br>BROOKTREE APARTMENTS and 2300 WEST APARTMENTS<br><br>             Defendants. | Case Number:<br><br>**DEFENDANT BROOKTREE APARTMENT'S NOTICE OF REMOVAL** |

TO:  THE UNITED STATES DISTRICT COURT, DISTRICT OF NEVADA

Defendant Brooktree Apartments ("Defendant Brooktree"), by and through its attorneys of record, Nick D. Crosby, Esq. of Marquis Aurbach, hereby gives notice of removal of the above-captioned action from the Second Judicial District Court of Washoe County, Nevada, to the United States District Court for the District of Nevada.  Removal of this action is authorized under 28 U.S.C. §§ 1331, 1441, and 1446.  The specific grounds for removal are as follows:

1.	Plaintiff Dustin Barral ("Plaintiff") commenced this action against Defendants on February 12, 2024.  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2.	Defendant Brooktree in the above-referenced action commenced in the Second Judicial District Court of the County of Washoe, State of Nevada, Case No. CV24-00257 and is now pending in that court.

3. Service of the Summons and Complaint was made on Defendant Brooktree on February 15, 2024. A copy of the Summons for Defendant Brooktree is attached hereto as **Exhibit B**.

4. No further proceedings, other than as described-above, have been had in this matter in the Second Judicial District Court.

5. The Complaint alleges Defendant Brooktree violated Plaintiff's Federal Civil Rights under 42 U.S.C. § 1983.

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, in that it is an action arising under the Fourteenth Amendment to the U.S. Constitution and pursued through 42 U.S.C. §1983. Pursuant to 28 U.S.C. §1441, Defendant Brooktree is therefore entitled to remove this action to this Court.

7. Thirty days have not elapsed since Defendant Brooktree was served with the Complaint in this action. Copies of the Summons and Complaint are attached hereto as Exhibits A and B constituting all the papers and pleadings on Defendant Brooktree.

8. Counsel for Defendant 2300 West Apartments has consented to removal of the action to Federal Court.

9. A true and correct copy of this Notice of Removal is being filed this date with the Clerk of the Second Judicial District Court, Washoe County, Nevada.

10. Based on the foregoing, Defendant Brooktree removes the above action now pending in the Second Judicial District Court of the County of Washoe, State of Nevada, as Case No. CV24-00257 to this court.

Dated this 1st day of March, 2024.

MARQUIS AURBACH

By *s/Nick D. Crosby*
Nick D. Crosby, Esq.
Nevada Bar No. 8996
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorney(s) for Defendant

MAC:17166-008 5395680_1 3/1/2024 9:03 AM

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **DEFENDANT BROOKTREE APARTMENT'S NOTICE OF REMOVAL** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 1st day of March, 2024.

☐ I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☒ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

> Dustin Barral
> 1661 E. 6th St., #254
> Reno, NV 89512
> *Plaintiff Pro Se*

*s/Sherri Mong*
an employee of Marquis Aurbach

# Exhibit A

F I L E D
Electronically
CV24-00257
2024-02-12 09:16:14 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 10156066 : csulezic

Dustin Barral
1661 E 6th St. #254
Reno, NV 89512
(775)512-9060
dustinbarral2169@gmail.com
Plaintiff in Pro Se

# IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

# IN AND FOR THE COUNTY OF WASHOE

DUSTIN BARRAL,                              Case No.____ CV24-00257_____
    Plaintiff,                            Dept. No._____
V.
BROOKTREE APARTMENTS,
2300 WEST APARTMENTS,
    Respondent (s).

# CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C 1983

### A. Jurisdiction

This complaint alleges that the civil rights of Plaintiff, Dustin Barral, who presently resides at 1661 E 6th St. 254 Reno, NV 89512, were violated by the actions of the above-named individuals which were directed against the Plaintiff. Respondent, Brooktree Apartments resides at 2400 Harvard Wy, Reno, NV 89502 and Respondent 2300 West resides at 2300 Harvard Wy, Reno, NV 89502

Jurisdiction is invoked pursuant to 42 U.S.C. 1983 and Nev. Const. Art. 6, subsection 6.

### B. NATURE OF THE CASE

On November 20th, 2023, between 11:30am and 12:30pm, the Plaintiff, Dustin Barral, visited each establishment to inquire about the possibility of renting an apartment. Due to being a registered sex offender, Mr. Barral, asked each office staff present if their apartment complex allowed sex

offenders to live there. At the Brooktree apartments, the older lady called a supervisor to inquire about the status of sex offenders applying and was told that Brooktree apartments do not welcome sex offenders on their property. The Mr. Barral went next door to 2300 West and inquired with the young lady in the office if they allowed sex offenders to live there. She instantly said that 2300 West does not allow sex offenders to live on the property as a matter of safety to the community.

The act of denial based on being a sex offender is discriminatory and is a violation of the fourteenth amendment equal protection clause.

### C. CAUSE OF ACTION

This violates my 14th Amendment right from discrimination. While sex offenders are not a protected class of individuals, this civil rights violation proves that they need to be. There was a time that everything in the 14th Amendment, under the equal protection clause, was not covered. Race and religion became protected in 1964, sex in 1974, and disability in 1973. Sexual identity was protected in 1964 but had to be fought for in the 2000's to be enforced. As the Court can see, at times we need to reassess how our world is running and provide protections to enforce the framer's intent in writing the 14th Amendment.

Even in the State of Nevada, under the NRS's is the 14th Amendment protected. NRS 118 is under the title of DISCRIMINATION IN HOUSING. NRS 118.010 states that NRS 118.010 to 118.120, inclusive, may be cited as the Nevada Fair Housing Law. NRS 118. 020 states:

**NRS  118.020   Declaration of public policy of State.**
   1.  It is hereby declared to be the public policy of the State of Nevada that all people in the State have equal opportunity to inherit, purchase, lease, rent, sell, hold and convey real property without discrimination, distinction or restriction because of race, religious creed, color, national origin, disability, sexual orientation, gender identity or expression, ancestry, familial status or sex.

NRS 118.050 through 118.100 defines discriminate, dwelling, and prohibited acts, see below.

**NRS  118.050   "Discriminate" defined.**   "Discriminate" includes both "segregate" and "separate."

**NRS 118.060   "Dwelling" defined.**
   1.   "Dwelling" means any building, structure or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families, and any vacant land which is offered for sale or lease for the construction or location thereon of any such building, structure or portion thereof.

**NRS 118.100   Prohibited acts and practices.**   A person shall not, because of race, religious creed, color, national origin, disability, sexual orientation, gender identity or expression, ancestry, familial status or sex:
   1.   Refuse to sell or rent or refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person.
   2.   Discriminate against any person in the terms, conditions or privileges of sale or rental of a dwelling, including the amount of breakage or brokerage fees, deposits or other undue penalties, or in the provision of services or facilities in connection therewith.
   3.   Make, print or publish, or cause to be made, printed or published, any notice, statement or advertisement with respect to the sale or rental of a dwelling that indicates any preference, limitation or discrimination, or an intention to make any preference, limitation or discrimination. As used in this subsection, "dwelling" includes a house, room or unit described in subsection 2 or 3 of NRS 118.060.
   4.   Represent to any person because of race, religious creed, color, national origin, disability, sexual orientation, gender identity or expression, ancestry, familial status or sex that any dwelling is not available for inspection, sale or rental when the dwelling is in fact so available.
   5.   For profit, induce or attempt to induce any person to sell or rent any dwelling by representations regarding the entry or prospective entry into the neighborhood of a person of a particular race, religious creed, color, national origin, disability, sexual orientation, gender identity or expression, ancestry, familial status or sex.
   6.   Coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected in this chapter.

The Fair Housing Act of 1968 expanded on previous acts and prohibited discrimination concerning the sale, rental, and financing of housing based on race, religion, national origin, sex, (and as amended) handicap and family status. This is what Nevada's Fair Housing Act is based on.

There can be no other way to interpret the actions of Brooktree and 2300 West apartments than discriminatory and segregatory. There is no proof that being a sex offender will harm the community. There is no proof that by allowing a sex offender to live on the property, that those living there will be placed in imminent danger. This is fear at its finest. All they are focusing on is the title of being a sex offender. This is no different than when people said that letting a black person live in the community would destroy the white's way of life. That they would bring crime and disease with them. This is no different when they said that women were not allowed to do things because women did not do those things. This is no different than being afraid of hiring a homosexual or allowing a homosexual to move into the neighborhood. Being a sex offender is the new discriminatory subject. A blanket policy to deny

all sex offenders is undeniably discrimination. "The Equal Protection Clause of the Fourteenth Amendment is essentially a direction that all similarly situated persons be treated equally under the law." City of Cleburne, Tex v. Cleburne Living Ctr., 473 US 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313(1985).

### D. PREVIOUS LAWSUITS

No previous lawsuits have been filed.

### E. REQUEST FOR RELIEF

I believe that I am entitled to the following relief:

1. This Court must declare that sex offenders are a protected class

2. Order the respondents/defendants to each pay the Plaintiff $250,000 for this discrimination.

3. Order the State of Nevada to update NRS 118 to include sex offenders as a protected class of individual.

4. Order Brooktree and 2300 West to accept sex offenders on their properties.

### F. CONCLUSION

In conclusion, there is clear and present discrimination occurring. While being a sex offender is not a protected class of individual, they are still protected by the 14th Amendment. It is a duty of this court to prevent widespread discrimination and protect the sex offender's rights. It is time for this Court to acknowledge sex offenders as a protected class of individuals. It does not matter what a person did, they are still covered under the U.S. Constitution. You may not like it, but they must be protected. Discrimination in any form to any person is unacceptable and this Court must stop it.

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF**

**THE UNITED STATES OF AMERICA AND THE STATE OF NEVADA THAT THE FOREGOING IS TRUE AND CORRECT.**

Dated this 13th day of February, 2024.

Dustin Barral
1661 E 6th St 254
Reno, NV 89512
7755129060
dustinbarral2169@gmail.com
Plaintiff in Pro Se

### AFFIRMATION PURSUANT TO NRS 239B.030

The undersigned does hereby affirm that the foregoing CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. 1983 does not contain the social security number of any person.

Dated this 13th day of February, 2024.

Dustin Barral

Plaintiff in Pro Se

**VERIFICATION**

Under the penalty of perjury, the undersigned declares that he is the petitioner named in the foregoing petition and knows the contents thereof; that the pleading is true of his own knowledge, except to those matters stated on information and belief, and as to such matters he believes them to be true.

Dated this 13th February, 2024

*[signature]*

Dustin Barral
1661 E 6th St 254
Reno, NV 89512
7755129060
dustinbarral2169@gmail.com
Plaintiff in pro se

**CERTIFICATE OF SERVICE**

I, Dustin Barral, hereby certify that pursuant to N.R.C.P. 5 (b), that on this 13th day of February, 2024, I mailed a true and correct copy of the foregoing CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C 1983 to the following address(es):

Brooktree Apartments
Attn: Legal
2400 Harvard Way
Reno, NV 89502
Certified # 9589071052700499381304

2300 West Apartments
Attn: Legal
2300 Harvard Way
Reno, NV 89502
Certified # 9589071052700499381311

Dated this 13th day of February, 2024

*DBL*

Dustin Barral
1661 E 6th St 254
Reno, NV 89512
7755129060
dustinbarral2169@gmail.com
Plaintiff in Pro se

# Exhibit B

Dustin Barral
1661 E. 6th St. 254
Reno, NV 89512
7755129060
dustinbarral2169@gmail.com
Plaintiff in Pros Se

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA
IN AND FOR THE COUNTY OF WASHOE

Dustin Barral,

Plaintiff,

v.

Brooktree Apartments,

2300 West Apartments,

Respondent (s).

Case No. CV24-00257

## SUMMONS

**TO THE DEFENDANT: YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND IN WRITING WITHIN 21 DAYS. READ THE INFORMATION BELOW VERY CAREFULLY.**

A civil complaint or petition has been filed by the plaintiff(s) against you for the relief as set forth in that document (see complaint or petition). When service is by publication, add a brief statement of the object of the action.

The object of this action is: Civil 1983 lawsuit.

1. If you intend to defend this lawsuit, you must do the following within 21 days after service of this summons, exclusive of the day of service:
a. File with the Clerk of the Court, whose address is shown below, a formal written answer to the complaint or petition, along with the appropriate filing fees, in accordance with the rules of the Court, and;
b. Serve a copy of your answer upon the attorney or plaintiff(s) whose name and address is shown below.
2. Unless you respond, a default will be entered upon application of the plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the complaint or petition.

Dated this 13th day of February, 2024.
Issued on behalf of Plaintiff(s):
Dustin Barral
1661 E 6th St 254
Reno, NV 89512
7755129060
dustinbarral2169@gmail.com



ALICIA L. LERUD
CLERK OF THE COURT
By: /s/ C. SULEZICH
Deputy Clerk
Second Judicial District Court
75 Court Street
Reno, Nevada 89501