**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| DUSTIN BARRAL,<br><br>                      Plaintiff,<br><br>v.<br><br>BROOKTREE APARTMENTS, *et. al*.,<br><br>                      Defendants. | Case No. 3:24-CV-00105-ART-CLB<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[ECF No. 15] |

       Before the Court is Plaintiff's motion for appointment of counsel. (ECF No. 15.) For the reasons discussed below, the motion, (ECF No. 15), is denied.

       In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In limited circumstances, courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Ageyman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, courts evaluate (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331.

       The difficulties every litigant faces when proceeding *pro se* does not qualify as an exceptional circumstance. *Wood v. Housewright*, 900 F. 2d 1332, 1335-36 (9th Cir. 1990). While almost any *pro se* litigant would benefit from the assistance of competent counsel, such a benefit does not rise to the level of "exceptional circumstances." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952,

954 n.1 (9th Cir. 1998) (en banc). Rather, the plaintiff must demonstrate that he is unable to articulate his claims due to their complexity. *Id.*

Plaintiff has failed to establish that exceptional circumstances exist in this instance. Plaintiff's motion consists of only one paragraph that merely states that "[a]s a Pro Se litigant he is outside his knowledge of Federal procedures." (ECF No. 15 at 1.) Plaintiff's motion does not provide any information as to why the appointment of counsel is necessary in this case or what makes this case exceptional. Nor is there any information or argument explaining why Plaintiff cannot articulate his own claims. To the contrary, Plaintiff's alleged lack of knowledge of Federal procedures is common for *pro se* litigants and therefore is not an exceptional circumstance that would warrant the appointment of counsel. In reviewing the docket in this case, this matter involves allegations of civil rights violations and does not appear to involve particularly complex legal issues. In sum, Plaintiff does not have the right to counsel in his civil action and he has not demonstrated that exceptional circumstances exist that would warrant the appointment of counsel. Accordingly, the motion for appointment of counsel, (ECF No. 15), is **DENIED**.

**IT IS SO ORDERED.**

**DATED**: ___July 9, 2024.___

_____
**UNITED STATES MAGISTRATE JUDGE**