UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DUSTIN BARRAL,<br><br>　　　　　　　Plaintiff,<br>　v.<br>BROOKTREE APARTMENTS and 2300 WEST APARTMENTS,<br><br>　　　　　　　Defendants. | Case No. 3:24-cv-00105-ART-CLB<br><br>ORDER<br><br>(ECF Nos. 4, 7) |

Plaintiff Dustin Barral sued Brooktree Apartments and 2300 West Apartments under the Fourteenth Amendment and the Nevada Fair Housing Act. Barral alleges that both apartments illegally rejected him based on his status as a registered sex offender.

## I. BACKGROUND

Dustin Barral is a registered sex offender. (*See* ECF No. 1.) He visited Defendants Brooktree Apartments and 2300 West Apartments to ask to rent an apartment. (*Id.*) Staff at both apartment complexes told him that they do not rent to registered sex offenders. (*Id.*) Barral sued both apartment complexes in Nevada's Second Judicial District Court, and Defendants removed the case. (*See id.*) Both Defendants moved to dismiss the claim. (ECF Nos. 4, 7.)

## II. LEGAL STANDARD

### A. Motion to Dismiss

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and enough facts "to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All factual allegations set forth in the complaint are taken as true and construed in the light most

favorable to the plaintiff. *Lee v. City of Los Angeles,* 250 F.3d 668, 679 (9th Cir. 2001). A facially plausible claim may be dismissed for "lack of a cognizable legal theory." *Solida v. McKelvey,* 820 F.3d 1090, 1096 (9th Cir. 2016).

### III. Discussion

The Court must decide if Plaintiff may state a claim under the Fourteenth Amendment. The Court liberally construes Plaintiff's claim as arising under Section 1983, which creates a cause of action for Constitutional violations against government officials acting under color of law. 42 U.S.C. § 1983. Section 1983 does not reach "'merely private conduct, no matter how discriminatory or wrong.'" *Sutton v. Providence St. Joseph Med. Ctr.,* 192 F.3d 826, 835 (9th Cir. 1999) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999)). Defendants correctly point out that Barral may not state a Fourteenth Amendment claim—which the Court liberally construes as a § 1983 claim—against Brooktree Apartments or 2300 West Apartments because neither party is a state actor. (*See* ECF Nos. 4, 7.)

Additionally, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim. *See* 28 U.S.C. § 1367(c)(3).

### IV. CONCLUSION

The Court grants Defendants' Motions to Dismiss, (ECF Nos. 4, 7), and dismisses Plaintiff's complaint without prejudice and with leave to amend before Monday, March 10, 2025.

The Court finds Defendant's Motion for Summary Judgment (ECF No. 22) moot.

DATED THIS 5th day of February, 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE