UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DUSTIN BARRAL,

Plaintiff,

v.

BROOKTREE APARTMENTS and 2300 WEST APARTMENTS,

Defendants.

Case No. 3:24-cv-00105-ART-CLB

ORDER

(ECF Nos. 31, 33)

Plaintiff Dustin Barral sued Brooktree Apartments and 2300 West Apartments under the federal Fair Housing Act. Barral alleges that both apartments illegally rejected him based on his status as a registered sex offender.

## I.    BACKGROUND

Dustin Barral is a registered sex offender. (*See* ECF No. 30.) He visited Defendants Brooktree Apartments and 2300 West Apartments to ask to rent an apartment. (*Id.*) Staff at both apartment complexes told him that they do not rent to registered sex offenders. (*Id.*) Barral sued both apartment complexes in Nevada's Second Judicial District Court, and Defendants removed the case. (*See* 1.) Both Defendants moved to dismiss the claim. (ECF Nos. 4, 7.) The Court granted the motion to dismiss without prejudice and with leave to amend. (ECF No. 25.) Plaintiff subsequently filed an amended complaint, alleging violations of the Fair Housing Act and Nevada's Fair Housing Law. (ECF No. 30.)

Before the Court are the Motions to Dismiss of Defendants Brooktree Apartments and 2300 West Apartments. (ECF Nos. 31, 33.) As detailed below, the Court dismisses both causes of action without prejudice, and with leave to amend.

1

## II.  LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and enough facts "to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All factual allegations set forth in the complaint are taken as true and construed in the light most favorable to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). A facially plausible claim may be dismissed for "lack of a cognizable legal theory." *Solida v. McKelvey*, 820 F.3d 1090, 1096 (9th Cir. 2016).

## III.  Discussion

### A.  Fair Housing Act

Section 42 U.S.C. § 3604 of the Fair Housing Act states that it is unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). To state a claim under 42 U.S.C. § 3604, Plaintiff must allege that he was "subjected to different terms, conditions, or privileges because of a protected status." *Cabrera v. Alvarez*, 977 F. Supp. 2d 969, 975 (N.D. Cal. 2013) (internal quotations marks and citations omitted).

Defendants correctly point out that Plaintiff fails to allege that he is a member of any of the classes protected by the Fair Housing Act or that Defendants' adverse actions were based on his status as a protected class member. (ECF Nos. 31, 33.) Other federal district courts that have considered whether sex offender status is a protected status under the Fair Housing Act are in accord. *See, e.g., Pierce v. Cockrell*, No. 3:24-CV-00286-RRB, 2025 WL 2418472, at *4 (D. Alaska July 22, 2025), *reconsideration denied*, No. 3:24-CV-

00286-RRB, 2025 WL 2783561 (D. Alaska Sept. 30, 2025) (appeal dismissed by Ninth Circuit as frivolous on December 16, 2025); *Reaves v. Wenerowicz,* No. CIV. 12-301, 2012 WL 6209893, at *5 (E.D. Pa. Dec. 13, 2012); *Brown v. Menszer*, No. CIV. A. 99-0790, 2000 WL 1228769, at *3 (E.D. La. Aug. 23, 2000). Plaintiff therefore does not state a claim for discrimination under the Fair Housing Act.[1] The Court dismisses Plaintiff's Fair Housing Claim without prejudice, and with leave to amend.

### B. Nevada's Fair Housing Law

For the same reasons Plaintiff fails to state a claim under the Fair Housing Act, he likewise fails to state a claim under Nevada's Fair Housing Law. NRS 118.100 prohibits any person from "refus[ing] to sell or rent" to someone "because of race, religious creed, color, national origin, disability, sexual orientation, gender identity or expression, ancestry, familial status or sex." Nevada's Fair Housing Law "mirrors the [Federal Housing Act]." *Torres v. Rothstein*, No. 2:19-CV-00594-APG-EJY, 2020 WL 2559384, at *3 (D. Nev. May 20, 2020).

Plaintiff also does not allege membership in a class protected by Nevada's Fair Housing Law or that Defendants took adverse actions based on his status as a protected class member. (ECF No. 30.) Plaintiff thus fails to state a colorable claim under Nevada's Fair Housing Law. Accordingly, the Court also dismisses this claim without prejudice, and with leave to amend.

---

[1] Additionally, some portions of the Fair Housing Act even require the exclusion of sex offenders. For example, under 42 U.S.C. § 13663, owners of federally assisted housing "shall prohibit admission . . . for any household that includes any individual who is subject to a lifetime registration requirement under a [] sex offender registration program." 42 U.S.C. § 13663(a).

**IV.    CONCLUSION**

The Court grants Defendants' Motions to Dismiss (ECF Nos. 31, 33) and dismisses Plaintiff's complaint without prejudice and with leave to amend before Tuesday, February 17, 2026.


DATED THIS 15TH day of January 2026.


ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4